**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

FILED
SUPREME COURT
STATE OF WASHINGTON
4/26/2021
BY SUSAN L. CARLSON
CLERK

# THE SUPREME COURT OF WASHINGTON

STATE OF WASHINGTON,

            Appellant,

       v.

ALEC TOWESSNUTE,

           Respondent.

No. 13083-3

**O R D E R**

Department I of the Court, composed of Chief Justice González and Justices Johnson, Owens, Gordon McCloud, and Montoya-Lewis, considered this matter at its April 6, 2021, Motion Calendar and entered an order continuing the matter to the April 29, 2021, En Banc Conference. After further consideration of this matter, the Department unanimously agreed that the following order be entered.

IT IS ORDERED:

That the motion to re-designate the Supreme Court's order filed in this case on July 10, 2020, as an opinion and publish it in the Washington reports is granted.

DATED at Olympia, Washington, this 26th day of April, 2021.

For the Court

González C.J.
CHIEF JUSTICE

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

FILE

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
JULY 10, 2020

_Stphen, C. J._
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
JULY 10, 2020

_Susan L. Carlson_
SUSAN L. CARLSON
SUPREME COURT CLERK

# SUPREME COURT OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| Appellant, | ) | |
| | ) | No. 13083-3 |
| v. | ) | |
| | ) | |
| ALEC TOWESSNUTE, | ) | Filed July 10, 2020 |
| Respondent. | ) | |

"The injustice still plaguing our country has its roots in the individual and collective actions of many, and it cannot be addressed without the individual and collective actions of us all." Letter from the Wash. State Supreme Court to Members of Judiciary & Legal Cmty. (June 4, 2020), https://www.courts.wa.gov/content/publicUpload/Supreme%20Court%20News/Judiciary%20Legal%20Community%20SIGNED%20060420.pdf [https://perma.cc/QNT4-H5P7]. Injustice has many faces and forms, and some of its history lies in the past opinions of this court. Such past opinions can continue to perpetrate injustice by their very existence. Today, we address one of those historical injustices.

On May 15, 1915, the State charged Alec Towessnute, a Yakama tribal member, with multiple fishing crimes. These criminal charges stemmed from the fact that he was fishing in the usual and accustomed waters of the Yakama tribe the day before. The charging document filed

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Supreme Court No. 13083-3

in Benton County stated that Mr. Towessnute was fishing with a "gaff hook in the Yakima river . . . more than five miles distant from any Indian Reservation." Information, No. 13083-3 (Benton County Super. Ct. Wash. May 15, 1915). On May 29, 1915, C.W. Fristoe, Benton County prosecuting attorney, and Francis Garrecht, United States attorney and attorney for Mr. Towessnute, filed a stipulation. They agreed that Mr. Towessnute was a Yakama tribal member, that he had engaged in fishing in the Yakima River without a state issued fishing license, that he used an unpermitted fishing hook, and, critically, that the fishing took place in "the usual and accustomed fishing places of the members of the confederated tribes and bands of Indians known as the Yakima Nation." Stipulation at 2, No. 13083-3 (Benton County Super. Ct. Wash. May 29, 1915). The stipulation further stated that the United States had entered into a treaty with the Yakama Nation on June 9, 1855 (ratified by the United States Senate on March 8, 1859) and that the area where Mr. Towessnute fished "has been used and enjoyed by said Indians during the fishing season of each and every year since said treaty was made; that said fishing place has from time immemorial been used and enjoyed by said Indians and their ancestors and known by the Indian name of 'Top-tut'." *Id.*

Mr. Towessnute objected to the charges. Relying on the stipulation, he explained that Benton County had no jurisdiction over the matter because he had committed no crime by exercising his treaty fishing rights. The trial court judge agreed: on June 10, 1915, Benton County Superior Court Judge Bert Linn entered a final judgment in the matter, dismissing all the charges against Mr. Towessnute.

The Benton County Prosecutor's Office, however, disagreed. The prosecutor filed a notice of appeal to this court, and it was fully briefed. This court issued the opinion that gives

Supreme Court No. 13083-3

rise to this matter now before the court: *State v. Towessnute,* 89 Wash. 478, 154 P. 805 (1916). In that opinion, the court reversed the trial court's decision to dismiss the charges, mandated that the criminal charges be reinstated, and overruled Mr. Towessnute's objections. The record in this matter following the mandate of the Washington State Supreme Court cannot be located, so it is not clear whether Mr. Towessnute was convicted of the offenses with which he was charged—though a companion case to his did result in a conviction, which was vacated in 2015.

In 2015, the descendants of Mr. Towessnute, represented by attorney Jack Fiander and supported by the Washington State attorney general, sought vacation of any record of conviction against Mr. Towessnute. Given that such a conviction could not be proved by the record, the trial court declined to take any action.[1]

Mr. Fiander brought this matter to our court's attention again in 2020, seeking remedial action to right the injustice against Mr. Towessnute and the Yakama Nation. The Washington attorney general supports this request for the court to take action in this matter, and the court agrees that it can and should act.

The opinion in *State v. Towessnute* is an example of the racial injustice described in this court's June 4, 2020 letter, and it fundamentally misunderstood the nature of treaties and their guarantees, as well as the concept of tribal sovereignty. For example, that old opinion claimed, "The premise of Indian sovereignty we reject. . . . Only that title [to land] was esteemed which

---

[1] Under RCW 9.96.060(4), "Every person convicted prior to January 1, 1975, of violating any statute or rule regarding the regulation of fishing activities, including, but not limited to, RCW 75.08.260, 75.12.060, 75.12.070, 75.12.160, 77.16.020, 77.16.030, 77.16.040, 77.16.060, and 77.16.240 who claimed to be exercising a treaty Indian fishing right, may apply to the sentencing court for vacation of the applicant's record of the misdemeanor, gross misdemeanor, or felony conviction for the offense. If the person is deceased, a member of the person's family or an official representative of the tribe of which the person was a member may apply to the court on behalf of the deceased person."

Page 4

Supreme Court No. 13083-3

came from white men, and the rights of these have always been ascribed by the highest authority to lawful discovery of lands occupied, to be sure, but not owned, by any one before." *Id.* at 482. And that old opinion rejected the arguments of Mr. Towessnute and the United States that treaties are the supreme law of the land. It also rejected the Yakama Treaty's assurance of the tribal members' right to fish in the usual and accustomed waters, in the usual and accustomed manner, as the tribe had done from time immemorial. This court characterized the Native people of this nation as "a dangerous child," who "squander[ed] vast areas of fertile land before our eyes." *Id.*

Today, we take the opportunity presented to us by the descendants of Mr. Towessnute; their counsel, Mr. Fiander; the Washington State Attorney General Robert Ferguson; and by the call to justice to which we all committed on June 4, 2020, to repudiate this case; its language; its conclusions; and its mischaracterization of the Yakama people, who continue the customs, traditions, and responsibilities that include the fishing and conservation of the salmon in the Yakima River. Under the Rules of Appellate Procedure (RAP) 1.2(c), this court may act and waive any of the RAP "to serve the ends of justice." We do so today. We cannot forget our own history, and we cannot change it. We can, however, forge a new path forward, committing to justice as we do so.

Therefore, it is hereby ordered:

That the mandate issued by this court in 1916 is recalled and any conviction existing then or now against Mr. Towessnute is vacated.

DATED at Olympia, Washington, this 10th day of July, 2020.

Supreme Court No. 13083-3


Stephens, C.J.

Johnson, J.

Gordon McCloud, J.

Madsen, J.

Yu, J.

Owens, J.

Montoya-Lewis, J.

González, J.

Whitener, J.